## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**TIMOTHY S. WISE,**

       **Petitioner,**

**v.**

                   **Case No. 1:20-cv-00058**

**WARDEN,**
**FCI McDowell,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On January 24, 2020, Petitioner, Timothy S. Wise ("Wise"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of a prison disciplinary hearing. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that the disciplinary proceeding conducted by the prison complied with the constitutionally mandated due process requirements, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's requests for dismissal, (ECF Nos. 18, 32); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1); and **REMOVE** this matter from the docket of the Court.

## I.    Relevant History

On July 23, 1998, following a jury trial, Wise was convicted of three counts of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2213(a)(c), and three

counts of use of a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c). *See Wise v. United States,* Case No. 5:02-cv-00221-KMO (N.D. Ohio Feb. 2002) at ECF No. 10 at 1-2. On October 14, 1998, Wise was sentenced to a total term of incarceration of 610 months. *Id.* at 2.

On May 15, 2019, while incarcerated in Federal Correctional Institution Talladega ("FCI Talladega"), located in Talladega, Alabama, Wise received an Incident Report prepared by members of the FCI Talladega Unit Discipline Committee ("UDC"). (ECF No. 18-1 at 47). The report detailed an incident that occurred on the evening of May 14, 2019. At approximately 6:15 p.m., Correctional Officer L. Green ("C.O. Green") conducted a routine search of Wise's cell, which he shared with another inmate. While exploring a secured locker in the cell, C.O. Green discovered a homemade pipe. (*Id.*). The pipe was constructed out of a playing card and had at its center a piece of metal containing black residue. C.O. Green also discovered small shards of thick paper covered in residue (*Id.*). C.O. Green determined that the locker belonged to Wise by examining other items stored in the locker, including prescription bottles, letters, and pictures. (*Id.*). C.O. Green notified the Operations Lieutenant, and Wise was transferred to a Special Housing Unit ("SHU"). (*Id.*). The UDC informed Wise in the Incident Report that, based on the severity of the incident, a charge against Wise for possession of drug paraphernalia would be referred to a Disciplinary Hearing Officer ("DHO"). (*Id.*). The Incident Report contained a section designated for Wise's response to the charge, but Wise declined to comment. (*Id.*).

On May 16, 2019, Wise was provided with written notification of his rights related to the disciplinary hearing, and he signed an acknowledgment of those rights. (ECF No. 18-1 at 50). Wise was informed that he was being charged with a violation of Code 113—

Possession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia not prescribed for the individual by medical staff. (ECF No. 18-1 at 48, 52). Wise indicated that he did not wish to have witnesses or a staff representative present at the disciplinary hearing. (*Id.*).

Wise's disciplinary hearing was held on May 20, 2019. (*Id.* at 54). At the hearing Wise denied the charge, saying "I'm absolutely not guilty. I haven't had an incident report in over 5 years. If I'm guilty, I would tell you I did it. He [has] already been in my cell three other times this week. There is an issue. My locker wasn't secured. I didn't have a pipe in my locker." (*Id.* at 55). The DHO considered the Incident Report, as well as documentary evidence in the form of photographs of the contraband, and concluded that the act was committed as charged. (*Id.*). The DHO deduced that the reporting officer had no reason to fabricate his account, and that it was Wise's responsibility to ensure that his locker remained free of contraband. (ECF No. 18-1 at 55). The DHO sanctioned Wise by disallowing 41 days of Good Conduct Time ("GCT"), imposing 30 days of disciplinary segregation, and 180 days of loss of commissary privileges. (*Id.*).

On June 5, 2019, Wise appealed the disciplinary sanction to the Federal Bureau of Prisons ("BOP") Southeastern Regional office. (ECF No. 10 at 2, 11). In the appeal, Wise asserted that the DHO did not record or address Wise's argument that the evidence did not support a violation of Code 113, because he used the pipe solely for tobacco, and that he should have been charged with a lesser offense violation. (*Id.*). Wise accused the DHO of failing to include this defense in the record of the hearing, and of adding statements to the record that were not made by Wise. (*Id.* at 2, 12). Specifically, Wise pointed to the fact that the DHO report recorded him as stating that he had not received a disciplinary infraction in five years, when Wise had actually stated that he had not received a

3

disciplinary infraction in the five years prior to being transferred to FCI Talladega. (ECF No. 10 at 12). Wise's appeal was rejected by the Regional Director, who found that sufficient evidence supported the conviction. (*Id.* at 14). Wise then appealed to the BOP's Central Office, which also denied his claim. (*Id.* at 3).

Wise initiated this § 2241 habeas proceeding on January 24, 2020, during a period of incarceration at Federal Correctional Institution McDowell ("FCI McDowell"), located in Welch, WV. (ECF No. 1).[1] In his first typewritten petition, Wise detailed a number of grievances involving actions taken by BOP staff members. Wise asserted that he arrived at FCI McDowell in August 2019, following his transfer from FCI Talladega. (*Id.* at 1). After arriving at FCI McDowell, he was held in the SHU while suffering from repeated seizures, despite the fact that tests revealed he did not have drugs or alcohol in his system. (*Id.*). Wise claimed that he has not received medication prescribed to treat his seizures. Furthermore, he complained that BOP staff members were improperly handling his mail, were denying him the opportunity to make telephone calls and collect paperwork, and were inappropriately denying him access to legal resources and associated materials, preventing him from filing two § 2241 motions challenging the imposition of disciplinary sanctions, which occurred at FCI Talladega. (*Id.* at 1-2). Wise requested that the Court send him copies of relevant legal forms. (*Id.*). On January 29, 2020, the undersigned entered an Order directing Respondent to answer or otherwise respond to Wise's § 2241 petition within 60 days. (ECF No. 6).

On February 18, 2020, before the response was due, Wise filed a Supplemental § 2241 petition. (ECF No. 10). In this petition, Wise raises three grounds for habeas relief.

---

[1] Wise contemporaneously filed a second § 2241 petition, which is addressed in a separate opinion. *See Wise v. Warden,* Case No. 1:20-cv-00059 (S.D.W. Va. Jan. 24, 2020) at ECF No. 1.

First, he alleges that the evidence presented at the disciplinary hearing did not support a finding of guilt. He emphasizes that no testing was ever performed on the pipe and no drugs were found with the smoking apparatus. Wise also states that he passed a drug screen. (*Id*. at 6). For his second ground, Wise contends that the DHO did not accurately record his statement and added and omitted key details. (*Id*.). He pointed out that the DHO was contradictory in his report, stating that Wise had both admitted guilt and denied guilt. Wise also claimed that he told the DHO the pipe was used for tobacco, but the DHO failed to include that statement. Finally, Wise argues that his due process rights were violated when the BOP refused to look at the evidence as a whole and arbitrarily extended Wise's prison sentence "based merely on assumptions which conflicted with the facts." (*Id*.). Wise requests that this Court expunge the disciplinary sanction, recalculate his custody points, order him transferred to a low security prison near Atlanta, GA, and reinstate 41 days of CGT which were removed based on the violation. (*Id*. at 7).

After submitting the supplemental habeas petition, Wise filed various motions complaining about the manner in which FCI McDowell was handling his mail. He also filed another supplemental petition for habeas relief that essentially repeated his prior supplemental petition, a motion to construe his petition favorably, a motion to reconsider the order ruling on the multiple mail-related motions, and a motion to accept his 2241 petitions as true and correct documents. (ECF Nos. 12, 13, 14, 17, 21, 25, 29). As the motions have been previously addressed, and the supplemental petitions raise the same grounds as stated above, the undersigned does not address them further in these Proposed Findings and Recommendations.

On February 24, 2020, Respondent filed a Response to Order to Show Cause. (ECF No. 18). Respondent concedes that Wise successfully exhausted his administrative

remedies with respect to this disciplinary sanction. (ECF No. 18 at 6). In regard to Wise's numerous claims of wrongful actions by BOP employees, Respondent argues that these claims relate to the conditions of his confinement, rather than the execution of his sentence, and as such, may not be raised under § 2241, but must instead be brought in a lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971). (*Id.* at 4-5). As to the remaining cognizable claims raised by Wise—his challenge to two disciplinary proceedings that resulted in the loss of GCT— Respondent asserts that the claims lack merit and should be dismissed. (*Id.* at 9).[2] According to Respondent, the record clearly shows that Wise received all the due process protections to which he was entitled, and the DHO's finding of guilt was based on constitutionally sufficient evidence. (*Id.* at 12-13). Accordingly, Respondent requests that this petition be dismissed. (*Id.* at 13).

On March 12, 2020, Wise filed a reply to Respondent's request that his petition be dismissed. (ECF No. 23). Wise asserts that he did not intend to mention the various improper actions taken by BOP employees in order to raise independent constitutional claims in this § 2241 petition, but rather did so in order to notify this Court regarding "the unfair and illegal abuses" to which Wise is subjected while attempting to prosecute this petition. (*Id.* at 1). Wise states that the DHO record provided by Respondent is inaccurate as the DHO misrepresented the statements Wise made at the hearing. (*Id.* at 2). Specifically, Wise asserts that he did not say "there is an issue. My locker wasn't secured. I didn't have a pipe in my locker" as is reflected in the DHO report. (*Id.*). Wise additionally

---

[2] As Wise has raised his challenge to a disciplinary hearing which occurred on January 16, 2019 in a separate petition, the undersigned will address arguments related to that petition in a separate opinion. *See Wise v. Warden,* Case No. 1:20-cv-00059 (S.D.W. Va. Jan. 24, 2020) at ECF No. 1. Wise also has a pending *Bivens* action in this Court: Case No. 1:20-cv-00056.

states that the reported statement, "I haven't had an incident report in over 5 years," is not an accurate reflection of what he said at the hearing. (*Id.*).

Wise explains that the DHO report omitted the actual argument raised by Wise; that being that he was inappropriately charged for violating Code 113—possessing drug paraphernalia—and instead should have been charged with a violation of Code 331—possession of a smoking apparatus related to tobacco—as he only used his pipe for tobacco. (*Id.*). Wise contends that the DHO should not have concluded the pipe was used for drugs given that there were no drug tests conducted on the substances found in the pipe, and Wise passed a drug screen. (*Id.*). Wise further notes that, in the section of the report outlining the evidence relied on by the DHO, the DHO provided contradictory grounds for his finding of guilt. The DHO stated at one place in the report that Wise had denied guilt, but stated in another place that Wise was guilty "based on [his] admission of guilt." (*Id.* at 2-3). Wise believes this obvious contradiction reveals that the DHO did not seriously assess Wise's defense and had Wise "convicted before the hearing began." (*Id.* at 3.). Wise contends that there was insufficient evidence to support a finding of guilty and asks that this Court reverse the sanctions he received in relation to this offense. (*Id.*).

On July 8, 2020, Wise submitted a Notice of Change of Address wherein he informed the Court that on June 25, 2020, the United States District Court for the Northern District of Ohio granted Wise's motion for compassionate release, and reduced his sentence to time served. (ECF No. 30 at 1).[3] Wise states that he is now scheduled to be released on July 9, 2020, following a 14-day period of quarantine. (*Id.*). On July 9, 2020, Respondent filed a motion requesting that Wise's petition be dismissed as moot due to

---

[3] The docket in Wise's criminal case confirms that Wise submitted a motion for compassionate release which was granted on June 25, 2020, resentencing Wise to time served. *Wise,* Case No. 5:02-cv-00221-KMO at ECF No. 112

his release from custody. (ECF No. 32 at 1). Respondent attaches an affidavit prepared by Destiny Spearen, an employee of the BOP's Consolidate Legal Center, which attests to the fact that Wise was released from BOP custody on July 8, 2020. (ECF No. 32-1 at 1).

## II.    <u>Standard of Review</u>

Respondent requests that this Court dismiss Petitioner's § 2241 petition, but does not discuss under what authority he brings the request. Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from

prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.  <u>Discussion</u>

### A. Mootness

Wise recently notified the Court that his sentence was reduced pursuant to a request for compassionate release, and he has been released from prison. (ECF No. 30). As a prerequisite to the exercise of federal jurisdiction, the complaint before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter

jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir.2007). Therefore, when a federal prisoner files a habeas corpus petition seeking injunctive relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a

petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recently clarified the extent to which release from custody will moot a challenge to a sentence. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). In that case, the defendant challenged his sentence on appeal as procedurally and substantively unreasonable. *Id.* The United States argued that, because the defendant had served his custodial term of incarceration, his claim was moot, notwithstanding that he continued to serve a term of supervised release. *Id.* at 65. The Fourth Circuit rejected this contention, finding that the custodial term and the term of supervised release presented a "unitary" sentence, and "a challenge to that sentence presents a live controversy, even though [the defendant] has served the custodial portion of that sentence." *Id.* The Fourth Circuit explained that "[a]lthough the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id.* at 66.

Wise is currently serving a term of supervised release. *Wise,* Case No. 5:02-cv-00221-KMO at ECF No. 112. However, this collateral consequence is likely insufficient to sustain Wise's habeas petition given the nature of the claim raised and the relief he requests. Wise does not challenge his conviction or raise a substantive challenge to his

sentence as imposed; rather, he brings this petition to challenge the outcome of a disciplinary hearing which resulted in a loss of GCT.

"Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Courts in this Circuit have held that a petitioner's release from incarceration renders moot a challenge to the disallowance of GCT as a result of a disciplinary hearing. *See Adigun v. Rickard*, No. 1:18-CV-01368, 2019 WL 3995981, at *1 (S.D.W. Va. July 30, 2019), *report and recommendation adopted*, No. CV 1:18-01368, 2019 WL 3986352 (S.D.W. Va. Aug. 21, 2019) ("According to the BOP inmate locator, the petitioner was released from BOP custody on May 3, 2019. Accordingly, his request for relief can no longer be granted and his section 2241 petition and Motion to Reinstate Good Conduct Time Credit are moot."); *see also Southard v. Williams,* No. 2:15-CV-69, 2016 WL 3349320, at *4 (N.D.W. Va. June 15, 2016) ("Indisputably, efforts to have good conduct time restored once one is released from incarceration would be futile."); *Johnson v. Adams*, No. 2:04CV605, 2005 WL 2593525, at *1 (E.D. Va. Oct. 12, 2005) ("[The petitioner] was released from the Federal Bureau of Prisons on July 21, 2005. Therefore, his petition requesting a different calculation of his good conduct time is moot."); *Melendez v. Masselieno*, No. CIV.A. ELH-13-1864, 2014 WL 460848, at *4 (D. Md. Feb. 4, 2014) (inmate's release from prison rendered moot his challenge to the result of a disciplinary hearing and request that GCT be restored). Wise wishes this Court to reverse the outcome of the disciplinary hearing and reinstate his GCT, however, this would be a futile directive as he is no longer within the custody of the BOP.

As it appears from the record that Wise has been released from custody, the undersigned **FINDS** that his petition is likely moot notwithstanding his current term of supervised release. *See e.g, Kokoski v. Small*, No. CIV.A. 5:07-0145, 2008 WL 3200811, at *3 (S.D.W. Va. Aug. 5, 2008) ("Neither of these issues has any collateral consequences on [the petitioner], as the amount of GCT credited towards [the petitioner's] prior sentences has no effect on the time he will serve on supervised release, or on any term of imprisonment he could receive in the future, should his supervised release be revoked."). However, given that this development has occurred late in the proceedings, and Wise has not been given the opportunity to address the issue of mootness, the undersigned will briefly consider the merits of his petition.

### B. Claims Related to FCI McDowell

At various points throughout his pleadings, Wise objects to interference by employees at FCI McDowell with Wise's ability to present his legal arguments. Wise indicates that he is concerned this will result in his § 2241 petition becoming time-barred. (ECF No. 28 at 4). Wise is currently pursuing his claim that BOP employees have unconstitutionally interfered with his access to the Courts in a separate lawsuit filed in this District. *See Wise v. Maruka et. al,* Case No. 1:20-cv-00056 (S.D.W. Va. Jan. 24, 2020) at ECF No. 1. As noted in a previous submission, that is the appropriate mechanism to raise these claims, as they may not be asserted in a § 2241 petition. *See Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging a split among circuits, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson*, 580 Fed. Appx. 172 (4th Cir. 2014)); *also Wilborn v.*

13

*Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019) (citing *Rodriguez v. Ratledge*, 715 F. App'x 261, 265-66 (4th Cir. 2017)).

While Wise has indicated he believes this illegal activity has interfered with his ability to pursue this petition, he has not demonstrated this to be the case. Wise has been able to file numerous motions in this case and has cogently presented his argument that the disciplinary sanctions should be overturned. Wise has not identified any specific argument or motion that he has not been permitted to submit. Furthermore, to the extent Wise is concerned that the alleged interference will result in this petition becoming untimely, this fear is unwarranted, as the timeliness of his petition is not at issue. Accordingly, the undersigned **FINDS** that Wise's complaints of legal interference raised throughout his pleadings have not impeded his ability to sufficiently present his case so that it may be considered on the merits.

### C. Claim of due process violation

Even if Wise's petition was not rendered moot by his release from custody, his claim would be subject to dismissal as the proceeding he challenges did not violate the minimal due process protections afforded to inmates in disciplinary proceedings. The Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment") protects inmates from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Wise has a constitutionally protected liberty interest in his good conduct time, as such time impacts the duration of his sentence. *See, e.g. Marino v. Masters*, No. 1:12-cv-00393, 2015 WL 66511, at *5 (S.D.W. Va. Jan. 5, 2015) (citing *Ponte v. Real,* 471 U.S. 491, 495 (1985)). Accordingly, when a federal prisoner is subject to a disciplinary proceeding that may result in the loss of good conduct credit, the prisoner is guaranteed certain minimal

requirements of procedural due process, including:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, (1985) (citing *Wolff,* 418 U.S., at 563–567). The DHO follows a procedure that incorporates these due process protections. *See* 28 C.F.R. § 541.8.

In this petition, Wise challenges the result of the disciplinary hearing that occurred on May 20, 2019. Wise does not assert that he was denied any of the required procedural due process protections; instead, he argues that the evidence was insufficient to support a finding he violated Code 113. (ECF No. 17 at 2). Wise states that he only used the pipe found by C.O. Green for the purpose of smoking tobacco, and no drugs were found in the pipe. (*Id.* at 6). Wise further argues that, as he passed a drug screen, the imposed sanction was contrary to the weight of the evidence. (*Id.*). Wise additionally contends that the DHO did not accurately record his statements at the hearing and ignored his defenses. (*Id.*).

In addition to procedural requirements, the Supreme Court of the United States has held that due process requires a sanction revoking good time credits to be supported by "some evidence." *Hill*, 472 U.S. at 455. The Fourth Circuit recently considered the "some evidence" standard and clarified that it is "an exceedingly lenient standard, requiring only 'a modicum of evidence' in order 'to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.'" *Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (quoting *Hill,* 472 U.S. at 455). In *Tyler,* the Fourth Circuit held that in order to sustain a punishment imposed pursuant to a prison disciplinary hearing, the State "need only point to 'some evidence' in the record—even if

it is merely circumstantial—that [the prisoner] was guilty of the charged disciplinary offense." *Id.* at 171. While the Fourth Circuit found that, in Tyler's case, the lack of any probative evidence in the record beyond conclusory statements of guilt meant the prison had failed to clear even this lenient standard, the Court admonished that "this is the very rare case where federal habeas relief will be available due to a total absence of evidence in the record..." *Id.* at 173.

In Wise's case, the DHO concluded that Wise was guilty of violating Code 113—possession of alcohol, drugs, or related paraphernalia. In reaching this conclusion, the DHO relied on the incident report prepared by a C.O. Green, who discovered a homemade pipe containing black residue in Wise's locker. (ECF No. 18-1 at 55). The DHO also reviewed photographs of the contraband. (*Id.*). The DHO weighed this evidence against Wise's denial of guilt, his statement that his locker was unsecured, and his claim that he did not have a pipe in his locker. (*Id.*).

Wise disputes that he made the statements as reported, asserting in his pleadings before this Court that he never argued his locker was unsecured and that he did not have a pipe in his locker. (ECF No. 23 at 2). Instead, Wise contends, he conceded that the pipe was his, but argued before the DHO that he should not be convicted of Code 113, because he used the pipe solely for tobacco, not for illicit drugs. (*Id.*). Wise asserts that the DHO ignored this argument and improperly failed to include it in the record. (*Id.*).

Wise made a similar argument in his initial appeal of the DHO's decision, accusing the DHO of omitting "key factors of defense and adding things that were not said." (ECF No. 10 at 11). In the appeal, Wise accused the DHO of misquoting his statement that he had not received disciplinary infractions for five years prior to arriving at FCI Talladega, and additionally faulted the DHO for acknowledging that he denied guilt, but including

the phrase "based on your admission of guilt," later in the report. (*Id.* at 12). However, Wise did not explicitly contest the other misstatements that he now attributes to the DHO. (*Id.*).

Wise's statements, as reported by the DHO, are in obvious conflict with the argument he now brings. It is clearly irrational for Wise to argue, on the one hand, that the pipe discovered in Wise's locker was put there by someone else and, on the other hand, to admit that the pipe was his, but was only used for tobacco. The Fourth Circuit has recognized that there is a "presumption of regularity" which "supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Almy v. Sebelius*, 679 F.3d 297, 309 (4th Cir. 2012) (quoting *United States v. Chem. Found.*, 272 U.S. 1, 14-15 (1926)); *see also Mira-Avila v. Barr*, 756 F. App'x 329, 331 (4th Cir. 2019). The Fourth Circuit has applied this presumption of regularity to records and proceedings produced in the prison disciplinary context. *See Craddock v. Rhodes*, 833 F.2d 1004 (4th Cir. 1987) ("No reason has been given that we should go behind the presumption of regularity which attaches to official records...") (*per curiam*).

Minor errors or inconsistencies in the agency record are generally insufficient to overcome this presumption of regularity as it pertains to official acts and records. *See Coreas v. Holder*, 526 F. App'x 322, 326 (4th Cir. 2013) ("Nevertheless, we are unable to say that the government's failure in this regard is enough to overcome the presumption of regularity that is attached to the DHS's issuance of a notice to appear."); *see also Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. CV ELH-16-1015, 2017 WL 3189446, at *9 (D. Md. July 27, 2017). When the issue in question is officials' adherence to their own agency procedures, "[t]he presumption is 'sufficient to sustain the

17

inference' that the agency did 'whatever was appropriate' to effectuate the procedure."
*Petrelle v. Weirton Steel Corp.*, 953 F.2d 148, 153–54 (4th Cir. 1991) (quoting *R.H. Stearns Co. v. United States*, 291 U.S. 54, 63 (1934)).

Accordingly, federal courts have generally been unwilling to credit a prisoner's assertion that the records produced in the course of prison disciplinary proceedings are falsified or incorrect absent convincing evidence. *See Dunmore v. Wendt,* No. CIVA 1:05CV119, 2007 WL 1848017, at *9 (N.D.W. Va. June 25, 2007) (refusing to credit inmate's assertion that DHO falsified report and ignored requests for witnesses); *Thomas v. Phillips,* No. 5:09-CV-01519, 2012 WL 2064531, at *1 (S.D.W. Va. June 7, 2012) (denying petitioner's claim that, among other violations, prison officials had falsified the hearing record); *Lytle v. Warden*, FCI-Bennettsville, No. 516CV02277TMCKDW, 2018 WL 4560573, at *9 (D.S.C. Mar. 30, 2018), *report and recommendation adopted*, No. CV 5:16-2277-TMC, 2018 WL 4178448 (D.S.C. Aug. 31, 2018) (same); *Foster v. Rivera,* No. 9:07-0576-HMH-GCK, 2007 WL 3002330, at *6 (D.S.C. Oct. 10, 2007) (petitioner unable to advance claims refuted by documents he signed in disciplinary record); *Russell v. Wilson*, No. 2:15CV51, 2015 WL 4479744, at *5 (E.D. Va. June 17, 2015), *report and recommendation adopted*, No. 2:15CV51, 2015 WL 4479746 (E.D. Va. July 20, 2015) (same). Wise has not presented corroborating evidence, which would rebut the presumption of regularity as applied to the disciplinary record produced by Respondent. In the BOP appeal process, Wise did take issue with specific errors and mischaracterizations he believed were reflected in the DHO's report, but did not claim that the report was inaccurate when it stated that Wise had denied ownership of the pipe. (ECF No. 10 at 11-12). In any event, even assuming that the DHO report did not accurately record all the arguments put forth by Wise, the DHO's determination would still meet the

18

minimum constitutional requirement that a disciplinary sanction, which implicates a constitutionally protected liberty interest, be based on some evidence. *See e.g. Foster v. Rivera*, No. 9:07-0576-HMH-GCK, 2007 WL 3002330, at *7 (D.S.C. Oct. 10, 2007) ("Judicial review of prison disciplinary actions is, therefore, limited solely to the determination of whether there is evidence in the record to support the DHO's decision.")

As noted, this standard is exceedingly lenient. It is "the very rare case where federal habeas relief will be available due to a total absence of evidence in the record…" *Tyler* 945 F.3d at 173. The sanctions may rely on "a modicum of evidence," even purely circumstantial evidence, in order to meet the constitutional requirement intended to protect against arbitrary punishment. *Id.* at 170-71. "As long as there is some evidence in the record to support factual findings in a disciplinary proceeding, a federal court will not review the accuracy of those findings." *OwlFeather-Gorbey v. Warden*, FCI Cumberland, No. CV RDB-19-2394, 2020 WL 1322950, at *6 (D. Md. Mar. 20, 2020).

While the conclusion that Wise possessed drugs or related paraphernalia was not based on overwhelming evidence, it did not lack a factual basis and was not wholly arbitrary. An illicit smoking device was discovered in Wise's locker, which contained a black residue. Concluding that this contraband was related to drug use was not the only conclusion which could be drawn, but it was not an unreasonable one. The DHO relied on the fact that a device was discovered in Wise's possession which would most commonly be used for illicit substances, and that the device revealed indicia of this use in the form of an unidentified residue. Courts have upheld convictions based on similar evidence. *See Taylor v. Knight,* No. 217CV00379JMSDLP, 2018 WL 3861641, at *2 (S.D. Ind. Aug. 14, 2018) ("[The petitioner] was found with an altered pen that appeared to be used to consume contraband. The photograph of the pen shows something that looks like a

makeshift smoking pipe. Because the [prison rules], also prohibits possession of drug paraphernalia, the charge against [the petitioner] could be proved without testing the black residue inside the pen."); *see also Johnson v. Fox,* No. CV1509479JLSDFM, 2016 WL 4394516, at *3 (C.D. Cal. May 4, 2016), *report and recommendation adopted*, No. CV1509479JLSDFM, 2016 WL 4392830 (C.D. Cal. Aug. 15, 2016) (sanction for possession of alcohol satisfied some evidence standard where inmate convicted based on picture depicting him holding a bottle of alcohol although the bottle was never tested to confirm it held alcohol); *Trujillo v. Ledezma*, No. CIV-11-1072-F, 2012 WL 1941578, at *2 (W.D. Okla. Apr. 9, 2012), *report and recommendation adopted*, No. CIV-11-1072-F, 2012 WL 1941577 (W.D. Okla. May 29, 2012) (conviction for possession of drug or drug paraphernalia satisfied where hypodermic needles discovered in inmate's locker despite fact that inmate passed a drug screen); *United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) ("[N]either expert testimony nor a chemical test of the substance" is necessary to prove that a substance is prohibited.").

Accordingly, the undersigned **FINDS** that the DHO's determination that Wise was guilty of possessing drugs or drug paraphernalia did not violate the constitutional mandate that a disciplinary sanction which results in the loss of good conduct time be based on some evidence.

## IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's requests for dismissal, (ECF Nos. 18, 32); **DISMISS** the Petition for a Writ of Habeas Corpus, (ECF No. 1), and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:** July 10, 2020

Cheryl A. Eifert
United States Magistrate Judge

21